UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

— against —

SOFYAN SAEED,

Defendant.

16-cr-350 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

Following a *Fatico* hearing on June 6, 2019, I issued an order concluding that the defendant, Sofyan Saeed, is liable for a loss amount of $38,422.28. *See* June 13, 2019 Order, ECF No. 120.[1] On June 16, 2019, the defendant moved for reconsideration. *See* Mot. Reconsideration, ECF No. 121. For the following reasons, the defendant's motion is denied.

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As such, "a request for reconsideration . . . must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.* Here, the defendant has not pointed to any law or facts that I overlooked in my order. Rather, the defendant argues that he should only be held liable for one-third or one-quarter of the loss

---

[1] For the purposes of this opinion, I assume familiarity with the background of this case.

1

amount because there were other employees working at Rightway during the relevant time period. *See* Mot. Reconsideration 1–2; *see also* Def.'s Fatico Br. 11, ECF No. 116. As I noted in my June 13 order, however, under U.S.S.G. § 1B1.3, the defendant can be held liable for any fraudulent transactions that were reasonably foreseeable to him. *See* June 13, 2019 Order 6; *see also* Gov't Fatico Br. 3, ECF No. 117. I thus do not find a further reduction in loss amount appropriate.

In my order, I concluded that the government had demonstrated by a preponderance of the evidence that transactions over $50 at Rightway were presumptively fraudulent. *See* June 13, 2019 Order 4–5. The $50 amount is a threshold that was deemed appropriate by the Second Circuit when certain factors are present. *See United States v. Uddin*, 551 F.3d 176 (2d Cir. 2009); *see also* June 13, 2019 Order 4–6 (explaining why *Uddin* applies to the instant case). In *Uddin*, however, the Second Circuit acknowledged that the district court "need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *Uddin*, 551 F.3d at 180 (internal quotation marks omitted) (quoting *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000)). Thus, the $50 benchmark is somewhat arbitrary. *See, e.g.*, Special Agent Greaney Testimony, Fatico Tr. 66–68, ECF No. 116-2 (noting that "somewhere along the line courts decided let's look at $50," that the decision "was between the agents and the U.S. Attorney's Office," and that the number has "been used for years"). Because of the arbitrary nature of the $50 threshold and the fact that not all transactions over $50 are fraudulent, I note that while I found that a loss amount of $38,422.28 was demonstrated by a preponderance of the evidence, I would be hard-pressed to determine that loss amount by clear and convincing evidence.[2] Further, while the government did demonstrate by a preponderance

---

[2] While I did apply the 40% *Uddin* reduction to the government's calculated loss, that too was an estimate.

that all fraudulent transactions during the relevant time period were reasonably foreseeable to Sofyan, the concrete evidence demonstrates that he engaged in six fraudulent transactions totaling $303.15. *See* Gov't Fatico Br. 2–3; Def.'s Fatico Br. 9–10, 15.

Sentencing will take place on a date and time to be determined by the court.[3]

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: June 17, 2019
Brooklyn, New York

---

[3] In my June 13 order, I asked the parties to submit letters to the court regarding the proper forfeiture amount. *See* June 13, 2019 Order n.4. As the government has brought to my attention, per the plea agreement, the government is not seeking forfeiture, but rather restitution equal to the loss amount. *See* PSR ¶¶ 77–78. Because I concluded that, based on a preponderance of the evidence, Sofyan is liable for a loss amount of $38,422.28, a restitution amount of $38,422.28 is also proper. *See United States v. Cheng*, 96 F.3d 654, 657–58 (2d Cir. 1996) (affirming the district court's order of restitution, in a food stamp fraud case, based on the loss to the United States, calculated by determining the amount of government benefits "diverted from their intended use"); *see also United States v. Germosen*, 139 F.3d 120, 130 (2d Cir. 1998) (holding that because the district court's "amount-of-loss calculation for [defendant's] offense level [in a wire fraud case] was supported by the evidence and was based on actual losses to the victims, [defendant's] challenge to the loss calculation for the restitution award must fail").